IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Karim S. Mateen, | ) | |
| | ) | Civil Action No. 8:05-3401-MBS-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Report and Recommendation** |
| | ) | **of Magistrate Judge** |
| United States of America, | ) | |
| Federal Bureau of Prisons, | ) | |
| and Felicia Boatwright, | ) | |
| Correctional Officer | ) | |
| FCI-Estill, | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which allows an action against federal employees for violations of constitutionally protected rights.[1]  This matter is before the Court on the defendants' motion to dismiss and the plaintiff's motion to appoint counsel.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases involving pro se litigants and submit findings and recommendations to the District Court.

The plaintiff brought this action on August 1, 2005, seeking damages for alleged civil

---

[1]A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983, except the action is brought against a federal employee rather than an employee acting under the color of state law.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

rights violations.  On April 14, 2006, the defendants moved for dismissal.  By order filed

April 14, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff

was advised of the summary judgment dismissal procedure and the possible

consequences if he failed to adequately respond to the motion.  The plaintiff filed a

response on April 27, 2006.

## FACTS

In his complaint, the plaintiff raises claims based upon a sexual relationship he had

with a guard, defendant Felicia Boatwright, while he was housed at the Federal

Correctional Institution in Estill ("FCI-Estill").  (Compl. at 2.)  The plaintiff alleges he and

Boatwright engaged in oral sex on two separate occasions.  (*Id.*) The plaintiff alleges

Boatwright, "took advantage of [hi`s] circumstances in regards to his incarceration due to

the fact that being a heterosexual man, locked away for more than 11-years, made it

difficult to resist defendant's constant sexual advances/favors."  (*Id.*)  He alleges the

defendants the United States and the Bureau of Prisons ("BOP") are responsible for hiring

a "sexual predator."  (Compl. at 2.)  Further, he alleges he was transferred to the FCI-

Talladega, Alabama, and placed in the Special Housing Unit ("SHU") for 118 days as

punishment.  (*Id.*)  The plaintiff alleges claims of "sexual abuse," "sexual assault," and

"abuse of authority/ negligence."  (*Id.*)

## APPLICABLE LAW

A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), Federal

Rules of Civil Procedure, tests the sufficiency of the pleading.  In reviewing such a motion,

the court is required to construe the complaint liberally and presume all factual allegations

of the complaint to be true and all reasonable inferences made in favor of the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any circumstances which could be proved to support his position.  *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989).  Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  Although a dismissal pursuant to Rule 12 is disfavored, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists.  *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

## DISCUSSION[2]

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981).  To establish an Eighth Amendment claim, a plaintiff must satisfy two requirements.  First, the plaintiff must show that the defendant's conduct is objectively serious or caused an objectively serious injury to the plaintiff.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Second, the plaintiff must show that the prison official acted with a " 'sufficien[tly] culpable state of mind,' " or with deliberate indifference to or reckless disregard for the plaintiff's constitutional rights, health, or safety. *Id*. at 847.

---

[2]As noted, a *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983.  Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa.  *See Farmer*, 511 U.S. 825.

Several circuits have held that the use of mental coercion by a prison guard to obtain sexual favors can violate an inmate's due process rights. *Rogers v. City of Little Rock*, 152 F.3d 790, 797 (8th Cir.1998); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997); *Freitas v. Ault*, 109 F.3d 1335 (8th Cir. 1997) (to prove a constitutional claim for sexual abuse, the inmate must demonstrate that the alleged abuse objectively caused "pain," and that the officer involved subjectively had a "sufficiently culpable state of mind.")

In *Freitas*, the Eighth Circuit addressed a male inmate's claim that he was sexually harassed by a female prison employee. While the court recognized that such conduct "can never serve a legitimate penalogical purpose," the court held that the plaintiff could not establish an Eighth Amendment claim, because the relationship was consensual. 109 F.3d at 1338. *Accord Fisher v. Goord*, 981 F.Supp. 140, 174 (W.D.N.Y.1997)("[C]onsensual sexual interactions between a correction officer and an inmate, although unquestionably inappropriate, and in this Court's view despicable, do not constitute cruel and unusual punishment under the Eighth Amendment.").

In the present case, the plaintiff has not alleged mental coercion or a pattern of abuse. The extent of the plaintiff's allegations are that Boatwright took advantage of him because he was a "heterosexual man, locked away for more than 11-years, [which] made it difficult to resist defendant's constant sexual advances/favors." (Compl. at 2.) He further makes the conclusory allegation that the defendants the United States and the Bureau of Prisons ("BOP") are responsible for hiring a "sexual predator." (*Id.*) Based upon these conclusory allegations, the plaintiff has failed to state a claim.

Furthermore, to the extent that the plaintiff's complaint can be read to allege a claim

of retaliation, (see Docket Entry # 19-3), the plaintiff has also failed to state such a claim. It is well established that prisoners do not have a constitutional right to demand to be housed in one prison versus another, absent a showing of significant hardship. *Sandin v. Conner*, 515 U.S. 472 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutional liberty interest).  However, retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983.  *ACLU v. Wicomico Cty.*, 999 F.2d 780, 784-86 (4th Cir. 1993).  A plaintiff alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision. . . . " *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996).  "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.' " *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir.1987); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979) (holding alleged retaliatory transfer to another prison requires showing that retaliation for protected activity was actual motivating factor for transfer).  The plaintiff has not alleged any facts demonstrating that the transfer was motivated out of a desire to retaliate against the plaintiff for his filing federal litigation.  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) (holding conclusory allegations of retaliation are not sufficient to state an actionable retaliation claim under § 1983).  Accordingly, the plaintiff has failed to state a claim of retaliation.

Alternatively, the undersigned recommends the defendants the United States and the BOP be dismissed because *Bivens* does not recognize a cause of action against them. "The purpose of *Bivens* is to deter the officer, not the agency." *FDIC v. Meyer*, 510 U.S.

471, 485 (1994). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). Accordingly, the defendants the United States and the BOP should be dismissed.[3]

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant's Motion to Dismiss be GRANTED; and the case be DISMISSED with prejudice. Further, if the district court adopts this report, it is RECOMMENDED that the Plaintiff's Motion to Appoint Counsel be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

August 29, 2006
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

---

[3]It appears Boatwright is no longer employed at FCI-Estill and she was never served with this complaint. (Docket Entry # 18; Defs.' Mem. Supp. Summ. J. n. 1.) Accordingly, if the defendants, the United States and BOP, are dismissed, the entire action should be dismissed.

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 10768**
**Greenville, South Carolina 29603**