IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karim S. Mateen, ) | |
| ) | C/A No. 8:05-3401-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| United States of America, Federal ) | **O R D E R** |
| Bureau of Prisons, and Felicia Boatwright, ) | |
| Correctional Officer, FCI-Estill, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Karim S. Mateen is an inmate in custody of the Federal Bureau of Prisons who currently is housed at the United States Penitentiary in Atlanta, Georgia. Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff asserts that Defendant Felicia Boatwright, a correctional officer, "took advantage" of him while he was housed at FCI-Estill in Estill, South Carolina. Plaintiff further contends that he was transferred to FCI-Talledaga in Talledaga, Alabama and placed in the Special Housing Unit for 118 days as punishment for the prohibited relationship.

This matter is before the court on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendants United States of America and Federal Bureau of Prisons on April 14, 2006 (Entry 15). By order filed April 14, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to Defendants' motion on April 27, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On August 29, 2006, the Magistrate Judge filed a Report and Recommendation in which she recommended that the within

action be dismissed because (1) Plaintiff had failed to state facts to support a claim under the Eighth Amendment; (2) Plaintiff had failed to state a claim for retaliation; and (3) a Bivens action is not available against the United States or Bureau of Prisons. Plaintiff filed a response on September 18, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

DISCUSSION

Plaintiff contends that the Magistrate Judge erred in recommending dismissal of the United States and the Bureau of Prisons. The court disagrees. Sovereign immunity shields the United States from suit absent its consent to be sued. Loeffler v. Frank, 486 U.S. 549, 554 (1998). The United States has not waived its sovereign immunity for constitutional misconduct. See United States v. Meyer, 510 U.S. 471, 477-78 (1994). Further, a suit against a federal agency is actually a claim against the United States. Thus, to the extent Plaintiff is seeking damages against the Federal Bureau of Prisons, his claim is barred by the Eleventh Amendment to the United States Constitution. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The court concludes that the motion to dismiss filed by the United States and the Federal Bureau of Prisons should be granted for lack of subject matter jurisdiction.

Plaintiff also asserts that the Magistrate Judge erred in sua sponte dismissing his claims against Defendant Boatwright. The court agrees. As the Magistrate Judge noted, the use of mental coercion by a prison guard to obtain sexual favors can violate an inmate's constitutional rights. See Report and Recommendation, 4 (citing cases). At this stage of the proceedings, the court cannot say that no relief could be obtained under the allegations of fact, if true. Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 891 (D. Del. 1991) (citing Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)).

Plaintiff contends the Magistrate Judge erred in sua sponte dismissing his claim of retaliation. The court disagrees. As the Magistrate Judge noted, retaliation against an inmate for the exercise of a constitutional right states a claim. See ACLU v. Wicomico County, 999 F.2d 780, 784-86 (4th Cir. 1993). Plaintiff has made no allegation that he exercised a constitutional right and was retaliated against as a result. Rather, Plaintiff alleges that he punished because of his relationship with Defendant Boatwright. Plaintiff's objection is without merit.

## CONCLUSION

The court adopts the Report and Recommendation except as to the Magistrate Judge's recommendation that the case be dismissed against Defendant Boatwright.

It does not appear from the record that Defendant Boatwright has been served. Defendant Boatwright was discharged from the Bureau of Prisons. A member of the Marshal's Service evidently obtained her last known address and may have traveled to her residence. See Entry 18. The Process Receipt and Return is, however, marked "DID NOT SERVE."

In Greene v. Holloway, 210 F.3d 361 (4th Cir. 2000) (unpublished), the Court of Appeals for the Fourth Circuit cited with approval to Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995), which

involved a state inmate who brought section 1983 claims against various prison officials. The court in Graham noted that the Marshal's Service is required to serve process on behalf of persons proceeding in forma pauperis. The Graham court also noted that, pursuant to its holding in Sellers v. United States, 902 F.2d 598 (7th Cir. 1990),

> [a] prisoner need only furnish the Marshals Service only with information necessary to identify the defendants. . . . [O]nce the former prison employee is identified, the Marshals Service should be able to ascertain the individual's current address and, on the basis of that information, complete service. The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically "good cause" to extend time for service under Rule 4(m). . . . Sellers is grounded in the belief that use of marshals to effect service alleviates two concerns that pervade prisoner litigation, state or federal: 1) the security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the "runaround" when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result.

Id. at 713 (internal citations omitted).

Both the holding in Graham and the Fourth Circuit's ruling in Greene require the Marshal's Service to expend a reasonable investigative effort to locate a defendant once she properly is identified. The within action is remanded to the Magistrate Judge to issue such orders and receive such information as may be necessary to allow her to evaluate the efforts of the Marshal's Service to effect personal service on Defendant Boatwright. In the event Defendant Boatwright can be located, the case shall proceed against her in her individual capacity.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
October 17, 2006.